# Becker | Glynn

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

Robert C. Muffly
Richard N. Chassin
Peter M. Hosinski
Robin L. Alperstein
Richard S. Bashner
Jesse T. Conan
Michael J. Dougherty
Karin P. E. Gustafson
Bonnie Klugman
Eric D. Kuhn
Zeb Landsman
Robert E. Langer
Micah J.B. McOwen
Stacey A. Mesler
Patrick J. O'Brien
Alec P. Ostrow
Susanne von Türk
Rachel Korn Wasserman

ATTORNEYS AND COUNSELORS AT LAW

299 Park Avenue
New York, New York 10171

Telephone (212) 888-3033
Facsimile (212) 888-0255
www.beckerglynn.com

OF COUNSEL
Joseph D. Becker
Chester B. Salomon
Kenneth J. Stuart

COUNSEL
Andrea Marquez-Bottome
Anne N. Smith
Jordan E. Stern

Jessica A. Gardner
Jonathan J. Marcus
William H. Newman
Andres A. Sardi Garcia
Matias A. Sueldo
Tianpu Zhang

Robert B. Glynn (1929-2002)
David J. Melamed (1930-1990)

April 12, 2018

**By Hand Delivery and ECF**
Hon. George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Defendants' Submission of Forged Document
      *Bascuñan, et al. v. Elsaca, et al.*, 15 Civ. 2009

Dear Judge Daniels:

This firm represents plaintiffs in the above-captioned action. I write to respond briefly to defendants' letter of April 10, 2018.

Plaintiffs filed a letter on April 3, 2018 (ECF 98) pointing out that defendants had attempted to use a document deemed to be a forgery by the Chilean authorities to support their motion to dismiss. Plaintiffs made the entirely reasonable request that the document and arguments that arose out of the document not be considered in connection with the motion.

Defendants do not deny that they knew the Chilean police department's crime lab had concluded the Anacapri Document[1] was a forgery when they resubmitted the document in connection with their motion to dismiss the Second Amended Complaint. Yet they elected not to inform the Court that the Chilean police department's crime lab had concluded that the signature on the document had been forged. They also elected to submit a declaration, ostensibly based on being "fully familiar with all of the facts," affirmatively representing that Mr. Bascuñan had signed the forged Anacapri Document, although the declarant has no personal knowledge of whether he did so, and apparently was even aware of the PDI's conclusion that the signature is a forgery at the time of that representation.

---

[1] Undefined capitalized terms have the definitions set forth in plaintiffs' letter of April 3, 2018 (ECF 98).

Hon. George B. Daniels
April 12, 2018
Page 2

    Rather than address their knowing submission to the Court of a document that a neutral crime lab had determined to be a forgery, defendants instead engage in a series of ad-hominem attacks on Mr. Bascuñan, criticize the crime lab's work, and even contend that the Chilean authorities did not conclude that the Anacapri Document is a forgery, when they plainly did. *See* Defendants' Letter (ECF 99) at 3-4; *compare* Plaintiffs' April 3, 2018 Letter (ECF 98) Ex. A. We will not waste the Court's time responding to defendants' statements other than to say that they are incorrect, and more importantly, irrelevant—both to their failure to disclose the crime lab's conclusion to the Court, and to the question of whether the Court may consider the forged Anacapri Document on a motion to dismiss.

    The answer to that question is of course no. The Court may not rely on a forged document or a document with questions about its authenticity to dismiss plaintiffs' claims. *See UPS Store, Inc. v. Hagan*, 99 F. Supp. 3d 426, 434-35 (S.D.N.Y. 2015) (to consider document on a motion to dismiss, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.")(quoting *DiFolco v. MSNBC Cable* LLC, 622 F.3d 104, 111 (2d Cir. 2010) and collecting cases). Yet, as they do throughout their briefing, defendants ask the Court to ignore applicable legal standards and to draw every inference, no matter how implausible,[2] in favor of themselves.

    A document found to be a forgery—whether or not defendants agree with that finding—has no place in a motion to dismiss. We therefore respectfully request that the Court strike the disputed submissions, as set forth in our initial letter, and refuse to consider them or arguments based upon them.

Respectfully submitted,

Robin L. Alperstein

---

[2] Defendants plainly filed charges of perjury against Mr. Bascunan as a legal stratagem for use against him in this lawsuit and elsewhere. The notion that it was merely a convenient coincidence that the forged Anacapri Document, purportedly signed in May 2003, was "found" thirteen years later by defendant Oscar Bretón, at the time that defendants' counsel happened to be drafting defendants' reply to their initial motion to dismiss, strains credulity.