**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JORGE YARUR BASCUÑAN, TARASCONA
CORP., HOFSTRA CORP., INMOBILIARIA
MILANO S.A., INMOBILIARIA E
INVERSIONES TAURO S.A., and INVERSIONES
T & V S.A.,

      Plaintiffs,

   v.

DANIEL YARUR ELSACA, CRISTIÁN JARA
TAITO, OSCAR BRETÓN DIEGUEZ, GM & E
ASSET MANAGEMENT S.A., FINTAIR
FINANCE CORP., EUWELAND CORP., HAY'S
FINANCE CORP., CARY EQUITY'S CORP.,
AGRÍCOLA E INMOBILIARIA CHAUQUÉN
LIMITADA, ALAPINJDP INVESTING CORP.,
SAN INVESTMENT COMPANY LTD., and JOHN
DOES 1-10,

      Defendants.

Case No. 15 Civ. 02009 (GBD)

**[PROPOSED] PROTECTIVE ORDER**

1.  **PURPOSES AND LIMITATIONS**

Discovery requests served in this Action may call for the production of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

2.  **DEFINITIONS**

2.1   <u>Action</u>: the action listed in the above caption.

2.2   <u>Party</u>: any named party to the Action.

2.3   <u>Non-Party</u>: any entity that is not a Party to the Action.

2.4   <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and depositions exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

2.5   <u>Confidential Material</u>: any Discovery Material that any Producing Party (as defined below), subject to the provisions of this Order, designates as "Confidential" that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, client or customer information concerning individuals or other entities (including, but not limited to, names, Social Security numbers, home telephone numbers and

addresses, personal tax returns, and medical, investment, credit and banking information).

2.6   Highly Confidential Material: any Discovery Material that any Producing Party, subject to the provisions of this Order, designates as "Highly Confidential" and that contains trade secrets or highly sensitive materials, that would result in material competitive, commercial or financial harm to the disclosing party if disclosed.

2.7   Protected Material: any material that a Producing Party or Designating Party (as defined below) has marked as "Confidential" or "Highly Confidential"; provided that "Protected Material" does not include information that is publicly available (except information that becomes publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.8   Producing Party: any Party or Non-Party that produces Discovery Material in the Action.

2.9   Receiving Party: any Party or Non-Party that receives Discovery Material from a Producing Party.

2.10  Designating Party: any Party or Non-Party that designates Discovery Material it produces as "Confidential" or "Highly Confidential" and that has signed the "Agreement To Be Bound By Protective Order" (Exhibit A).

2.11  Outside Counsel: attorneys, along with their paralegals, and other support personnel assisting, including e-discovery vendors, with the Action, who are not employees or officers of a Party, but who are retained to represent or advise a Party in the Action.

2.12   In House Legal Personnel: attorneys and other personnel employed by a Party to perform legal functions in connection with the Action.

2.13   Counsel (without qualifier): Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, e-discovery vendors, and law clerks).

2.14   Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel, to serve as an expert witness or as a consultant in the Action, and who is not currently an employee or officer of a Party, and who, at the time of retention, is not anticipated to become an employee or officer of a Party.  This definition includes a professional jury or trial consultant retained in connection with the Action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations offered by Parties or Counsel in the Action.

**4.   DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

**5.**    **DESIGNATING PROTECTED MATERIAL**

5.1    Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., Section 5.2), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated as such before the material is disclosed or produced. Designation in conformity with this Order requires:

    (a)    for information in documentary form (including transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and include the confidentiality designation in the metadata produced for such document.

    (b)    for deposition transcripts and/or exhibits, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order. The entire testimony shall be deemed to have been designated Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 5.2 (Inadvertent Failures to Designate).

Notwithstanding the preceding language in this paragraph, in the event that (i) a document produced and designated by a Non-Party as "Confidential" or "Highly Confidential" is used as an exhibit in a deposition and (ii) counsel for the Non-Party is not present at the deposition, the Parties agree that the exhibit remains designated "Confidential" or "Highly Confidential" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "Confidential" or "Highly Confidential," as is required in this paragraph.

(c)    for information produced in electronic, audio, or video format, for bulk productions of documents produced in native format (other than Excel documents), and for any other tangible items, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document.

(d)    for documents produced in native format, that the Producing Party include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"), in the metadata produced for such documents and on the placeholder page.

(e)    for reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the report.

5.2 <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Parties, in writing, of the error and identify (by identifying Bates number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material. If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material by identifying Bates number. The objecting Party and the Designating Party shall,

7

within ten (10) calendar days after service of the written objections, meet and confer concerning the objection.

6.2 <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the party challenging the designation may seek relief from the Court in accordance with its rules and procedures. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. Notwithstanding anything in this Order to the contrary, in the event that the final ruling is that the challenged material's designation should be changed, the material shall be treated as though it has the designation consistent with the final ruling regardless of the material's actual designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, or attempted settlement of the Action. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of action in the Action. Protected Material may be disclosed only to the categories of persons and under the conditions

described in this Order.  Following the final termination of the Action, including all appeals, each Receiving Party must comply with the provisions of Section 10, below.  The Parties agree that irreparable harm would occur in the event of violation of this provision.  Accordingly, the Parties shall be entitled to seek all relief available, including equitable relief such as specific performance and sanctions, in the event of any violation of this provision.

7.2     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.3     <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a)     the Receiving Party;

(b)     the Receiving Party's Counsel;

(c)     to the extent a Party or its Counsel determines that such disclosure is reasonably necessary in connection with the Action, to current officers, directors, trustees, administrators, and employees of Parties, provided they have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(d)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that

any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material to their competitive advantage or for any purpose that does not related to the Action;

(e)     the Court and its personnel, subject to the requirements of Section 9, below;

(f)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(g)     court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for the Action;

(h)     the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(i)     deponents or witnesses in the Action, and their Counsel who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), to the extent that such disclosure is reasonably necessary for the Action;

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below. If Protected Material is disclosed under this section, the Disclosing Party shall inform the Producing Party in writing prior to disclosure.

7.4    <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)     the Receiving Party's Outside Counsel;

(b)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material to their competitive advantage or for any purpose that does not relate to the Action;

(c)     the Court and its personnel, subject to the requirements of Section 9, below;

(d)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(e)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(f)    the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(g)    deponents or witnesses in the Action, and their Counsel who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), to the extent that such disclosure is reasonably necessary for the Action;

(h)    any other person to whom the Designating Party agrees to disclose the Highly Confidential Material in writing in advance of the disclosure or on the record at a deposition or Court proceeding in advance of the disclosure;

(i)    any other person agreed to by the Designating Party in writing; and

(j)    any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure of the Highly Confidential Material is required by law, subject to the requirements of Section 15 below.

7.5    Retention of Exhibit A: Outside Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of the Action,

including any appeals, and shall make them available to other Parties upon good cause shown.

7.6     Retention of Protected Material: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, Persons described in Sections 7.3 (g), (h), (i), (j), and (k) who have been shown Confidential Material shall not retain copies thereof. Persons described in Sections 7.4 (i), (j), or (k) who have been shown Highly Confidential Material shall not retain copies thereof.

## 8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A). The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Protected Material. Accordingly, the Parties shall be entitled to seek all relief available, including equitable relief such as specific performance and sanctions, in the event of any unauthorized disclosure of Protected Material.

## 9.     FILING PROTECTED MATERIAL

All Protected Material filed with the Court, and any portion of any document filed with the Court disclosing Protected Material, shall be labeled "Confidential – Subject to Court Order" and submitted for filing under seal until further order of this Court.  The Parties acknowledge that this Order creates no entitlement to file confidential information and that all applications for filing under seal must meet the Court's approval.  The Party that intends to file Protected Material with

the Court, or any document that discloses Protected Material, must either (1) provide the Designating Party with a list of any such documents or materials no later than two (2) business days before the date that such documents will be filed or, if such notice is not provided, (2) shall be responsible for preparing an application to file under seal and proposed order to be submitted with the documents proposed to be filed under seal. Where possible, only confidential portions of filings with the Court shall be inscribed with the phrase: "Confidential – Subject to Court Order." Each Party is authorized hereunder to file a request that any Discovery Materials and/or portions thereof be filed under seal in accordance with this Order and the Court's Individual Practices.

## 10.  FINAL DISPOSITION

10.1   Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of the Action, including any appeals, each Receiving Party shall undertake reasonable efforts to return to the Producing Party all Protected Material or, at the option of the Producing Party, to destroy all Protected Material. In either case, the Receiving Party shall provide the Designating Party with a certification stating that it has taken reasonable efforts to destroy or return the Confidential or Highly Confidential documents, except for (1) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation, and that (2) information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if the Party has a data destruction policy for the backup

media resulting in the eventual destruction or overwriting of the electronically stored information.

10.2    As to those materials designated as Confidential or Highly Confidential that constitute counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in any Action, or filed with this Court, counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such counsel otherwise comply with this Order with respect to such retained material. Any such archival copies that have been designated Confidential or Highly Confidential remain subject to this Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

10.3    This Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with the Action.

10.4    This Order shall survive the termination of the Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of the Action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Outside Counsel of record for each Designating Party or by an Order of the Court for good cause shown.

## 11.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, nor shall it affect any Producing

Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## 12. CLAW-BACK OF PRIVILEGED MATERIAL

12.1   In order to claw back Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure that was produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the identifying Bates number of the Discovery Material it wishes to claw back, and the basis of the claim of attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, relied upon in support of its claw-back request.

12.2   Upon notice that a Producing Party wishes to claw back Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure that was produced inadvertently, the Receiving Party shall promptly undertake reasonable efforts to return to the Producing Party or destroy all summaries or copies of such documents, testimony, information, and/or things (notwithstanding the final sentence of Section 3 regarding attorney work product), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return or destroy such disclosed materials, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within ten (10) business days of receipt of the request. Within twenty-one (21) business days of the notification that reasonable efforts have been taken to return or destroy the disclosed materials, the Producing Party

shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced inadvertently to any Party. Putatively privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status.

12.3   Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure shall not be deemed a waiver—in the Action or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection.

## 13.   USE OF DESIGNATED MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any Protected Material at hearings or at the trial of the Action not fewer than five (5) calendar days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) calendar days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial. The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

14.    **ATTORNEY RENDERING ADVICE**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to the Action or from relying upon or generally referring to Protected Material in rendering such advice; provided however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

15.    **LEGAL PROCESS**

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, that seeks disclosure of any information or items designated in the Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law, the Designating Party, in writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) calendar days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue. The Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify

the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential or Highly Confidential Material.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material.  Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

16.    **NON-PARTIES**

If a Non-Party provides discovery to any Party in connection with the Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to the Action.  Notwithstanding anything in this Order to the contrary, this Order shall not apply to any Non-Party that has not signed the "Agreement To Be Bound By Protective Order" (Exhibit A).  A Party seeking discovery from a Non-Party shall either

provide a copy of this Order or notify the Non-Party that such Order exists at the time any such discovery request or subpoena is served on the Non-Party.  Non-Parties shall be provided with a copy of this Order upon request.

## 17.    NOTICES

All notices required by this Order must be provided in writing to Outside Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Designating Party.

## 18.    AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

## 19.    MISCELLANEOUS

19.1    Right to Assert Other Objections: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

19.2    Dispute Resolution: Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

19.3    Court Not Bound: This Order is not binding on the Court or Court personnel.  The Court reserves the right to amend it at any time.

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I have been informed that on _____, the U.S. District Court for the Southern District of New York entered a protective order in the action captioned Bascuñan, et al. v. Elsaca, et al., No. 15-cv-02009. I have read the protective order. I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protected order, including my receipt or review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

_____

(Signature)

_____

(Printed Name)

_____

(Title or Position)

_____

(Company)

_____

Dated:

STIPULATED AND AGREED.

Dated:  1/19/2021.

BECKER GLYNN, MUFFLY, CHASSIN &
HOSINSKI LLP

Robin L. Alperstein
Jesse T. Conan
299 Park Avenue
New York, NY 10171
212-888-3033
ralperstein@beckerglynn.com
jconan@beckerglynn.com

*Attorneys for Plaintiffs and Counterclaim-
Defendants*

SELENDY & GAY PLLC

Jennifer Selendy
David Flugman
Jessica E. Underwood
1290 Avenue of the Americas, 17ᵗʰ Floor
New York, NY 10104
212-390-9000
jselendy@selendygay.com
dflugman@selendygay.com
junderwood@selendygay.com

*Attorneys for Defendants and
Counterclaim-
Plaintiffs*

SO ORDERED.

Dated:  ___JAN 2 5 2021___, 2021.

Hon. George B. Daniels
United States District Judge

23